**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELEANOR WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE UNIVERSITY OF CHICAGO | ) | |
| MEDICAL CENTER – INGALLS | ) | |
| MEMORIAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff ELEANOR WILLIAMS (hereinafter referred to as "WILLIAMS") and for her amended complaint against the Defendant THE UNIVERSITY OF CHICAGO MEDICAL CENTER – INGALLS MEMORIAL HOSPITAL (hereinafter referred to as "INGALLS") states:

### COUNT I –
**Title VII of the Civil Rights Act of 1964,
as Amended by the Civil Rights Act of 1991**

1.      This is an action brought for damages sustained by WILLIAMS by reason of INGALLS' violation of her civil rights under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

2.      At all times relevant hereto, WILLIAMS was and is a citizen of the United States, is a resident of the Northern District of Illinois and is African-American.

1

3. At all times relevant hereto, INGALLS was a corporation organized and existing under the laws of the State of Illinois with its principal place of business at One INGALLS Drive, Harvey, Illinois 60425.

4. At all times relevant hereto, INGALLS was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7. On August 9, 2010, WILLIAMS began employment at INGALLS as a Case Manager.

8. On May 5, 2016, WILLIAMS was promoted to the position of Admissions Nurse for Hospice.

9. In or about March, 2017, WILLIAMS was promoted to the position of Clinical Nurse Manager.

10. In or about May, 2023, WILLIAMS was promoted to the position of INGALLS Home Care Assistant Clinical Director.

11. Up to September, 2024, WILLIAMS received favorable reviews and accolades from her superiors at INGALLS.

12. At all times relevant hereto, it was the policy of INGALLS not to discriminate against an employee on the basis of his or her race.

13. At all times relevant hereto, INGALLS knew that WILLIAMS was African-American.

14. Notwithstanding this policy, commencing in or about September, 2024, INGALLS began to discriminate against WILLIAMS because of her race.

15. In September, 2024, Lynette Schwartzhoff (Caucasian), Executive Administrator for INGALLS Home Care, told WILLIAMS that she wanted to have Elizabeth Proctor (Caucasian) start cross-training nurses from the Home Health Department to the Hospice Department.

16. At the time in question, WILLIAMS was training nurses in the Hospice Department.

17. At the time that Ms. Schwartzhoff said this, WILLIAMS asked her why she was not allowed to do that in light of her prior history.

18. She then indicated that WILLIAMS could provide the cross-training.

19. Since Ms. Schwartzhoff began her employment at INGALLS in or about May, 2024, they were supposed to have weekly meetings to discuss what was going on in WILLILAMS' department.

20. Commencing in early October, 2024, Ms. Schwartzhoff began canceling the weekly meetings with WILLIAMS because of her race.

21. On October 31, 2024, WILLIAMS called Ms. Schwartzhoff to notify her that she was leaving work approximately one hour early since she was not feeling well.

22. Because Ms. Schwartzhoff did not pick up the phone, WILLIAMS left her a voice message regarding her illness.

3

23. Once WILLIAMS returned home, she went to sleep.

24. WILLIAMS received a phone call from Tashanna Price, Assistant Clinical Director, asking how she was feeling.

25. WILLIAMS told her she was not feeling well.

26. Approximately one hour later, Ms. Schwartzhoff called WILLIAMS and asked her how she was doing and whether she would be returning to work on November 1, 2024.

27. WILLIAMS told her that she was not feeling well and she did not know whether she would be coming in on November 1, 2024.

28. On November 1, 2024, WILLIAMS awoke and felt much better than she did on October 31, 2024. She then returned to work at INGALLS and attended the 8:00 a.m. meeting.

29. While WILLIAMS was supposed to lead the call for this meeting, Ms. Schwartzhoff interrupted her and indicated that she was leading the call.

30. A few hours later, Ms. Schwartzhoff called WILLIAMS and asked whether she was at work.

31. WILLIAMS responded that she was on campus in her office and that she was feeling better.

32. Despite that WILLIAMS was feeling fine, Ms. Schwartzhoff told her to go home and she sent her an email instructing her to go home.

33. Later that day, WILLIAMS received another email from Ms. Schwartzhoff telling her to take a November 4, 2024 off and that she would send her a Zoom invitation via email.

34. On November 4, 2024, WILLIAMS received an invitation for a Zoom meeting which she accepted.

35. At that time, Ms. Schwartzhoff and Ned Lloyd, Head of Human Resources, were on the Zoom call.

36. Ms. Schwartzhoff said that WILLIAMS had been late for some meetings and because of staffing issues, her employment was terminated immediately.

37. WILLIAMS expressed outright surprise at this conduct since for fourteen years, she had an impeccable record at INGALLS in which she was never disciplined.

38. WILLIAMS further inquired about INGALLS' progressive discipline policy.

39. Ms. Schwartzhoff did not respond other than to say that the decision was final and she ended the call.

40. The claimed reason given by INGALLS for her termination was merely a pretext for the race discrimination committed against WILLIAMS by Ms. Schwartzhoff wanted to terminate her and replace her with Elizabeth Proctor, a Caucasian.

41. In fact, prior to the Zoom call, Ms. Schwartzhoff sent a letter to various individuals notifying them that WILLIAMS was leaving INGALLS and that Ms. Proctor would be starting as the newly assigned Hospice Clinical Supervisor, in her stead.

42. By terminating WILLIAMS because of her race, INGALLS has, therefore, discriminated against WILLIAMS in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e-2)(a)(1), as amended by the Civil Rights Act of 1991.

43. On November 27, 2024, the Equal Employment Opportunity Commission received WILLIAMS' charge of discrimination.

44. On or about November 14, 2025, WILLIAMS received her notice of right to sue from the Equal Employment Opportunity Commission. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

45. Less than ninety days have expired since WILLIAMS' receipt of the notice of right to sue.

46. INGALLS' violation of WILLIAMS' rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused WILLIAMS pecuniary damages.

WHEREFORE, the Plaintiff ELEANOR WILLIAMS requests that this Court enter judgment in her favor and against the Defendant HIGHER INSTITUTE OF ARTS AND TECHNOLOGY as follows:

      a. Enjoining INGALLS from engaging in such unlawful employment practices as alleged in this complaint.

      b. Reinstating WILLIAMS to her position at a rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by INGALLS.

c.    Alternatively, in the event that HAIT is unwilling to reinstate WILLIAMS, that WILLIAMS be awarded front pay.

d.    Making WILLIAMS whole as to all salary, benefits and seniority status that would have accrued but for the civil rights' violations committed by INGALLS.

e.    Awarding WILLIAMS compensatory damages and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

f.    Awarding WILLIAMS attorney's fees pursuant to 42 U.S.C. § 2000(e-5)(k) and pre-judgment interest.

g.    Awarding WILLIAMS such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 2505
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
ELEANOR WILLIAMS

7